UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA            PLAINTIFF**

**V.                                                      CIVIL ACTION NO. 1:05CV125 LTS JMR**

**DAVID BILLINGS, ET AL.                                                DEFENDANTS**

## MEMORANDUM OPINION

This is an action to enforce the terms of two arbitration agreements. The Court has before it Defendant American Bankers Insurance Company of Florida's (American Bakers) motion for summary judgment.

Defendants are the purchasers of a unit of manufactured housing. The seller was Oakwood Mobile Homes, Inc. (Oakwood). The contract for purchase is embodied in a document entitled "Contract to Purchase and Deposit Agreement." The defendants also purchased a contract of insurance covering the manufactured housing unit. This contract is entitled "Manufactured Housing Home Buyers Protection Plan Contract." Both of these documents, which are exhibits to American Bankers' motion for summary judgment, contain arbitration agreements.

American Bankers has not furnished the Court a signed copy of the insurance contract. The copies of this contract that American Bankers has furnished in support of its motion are unsigned forms. American Bankers has submitted the affidavit of one Elisa Basulto (Basulto), affirming that the "specimen copy" of the insurance contract attached to the affidavit reflects the terms of the insurance contract issued to the defendants. But no signed copy of this insurance contract has been submitted. In the absence of a signature, there is no evidentiary basis to support a finding that the defendants are bound by the terms of the "specimen copy" attached to Basulto's affidavit.

The copy of the insurance contract American Bankers attached to its motion for summary judgment is also an unsigned form. If these documents were the only evidentiary support offered by American Bankers in support of its motion, I would deny the motion. However, American Bankers has, in a related pleading, submitted a copy of the arbitration agreement contained in the purchase contract that appears to bear the signature of both defendants. This signed copy of the purchase contract is attached as an exhibit to a separate pleading, i.e. American Bankers' response to the defendants' motion for an extension of time to respond to American Bankers' motion for summary judgment. Thus, there is a signed copy of the purchase contract in the record.

The arbitration provision of this purchase contract provides, in relevant part:

All claims, disputes and controversies arising out of or relating in any way to the sale, purchase, design, manufacture, construction, delivery, installation, repair, servicing, providing of improvements to any real property where the Home is to be placed or occupancy of the Home or to any goods, services or Insurance products offered or sold in connection with the Contract, or arising out of the financing of the Home, related property or services (and including the acquisition of any real property where the Home is to be placed), including, but not limited to, any negotiations between the parties or any relationship that results from any of the foregoing, including claims for equitable relief, or claims based on contract, tort, statute, or warranty or any alleged breach, default, negligence, or wantonness, fraud, misrepresentation, suppression of fact, or inducement, will, to the fullest extent permitted by Federal law be resolved by binding arbitration . . . .

Although the defendants, in their answer to the complaint, have denied signing any agreement containing an arbitration provision, they have not specifically responded to American Bankers' submission of the signed copy of the arbitration agreement contained in the purchase contract. In point of fact, the defendants have not yet responded at all to American Bankers' motion for summary judgment, despite having been granted an extension of time to do so. The extension of time I granted expired on August 22, 2005.

The copy of the arbitration agreement submitted by American Bankers is not a self-authenticating document under Rule 902 of the Federal Rules of Evidence. Although this document appears to be a business record, it has not been so certified under Rule 902(11) of the Federal Rules of Evidence. Accordingly, the present state of the record does not meet the requirement of F. R. Civ. P. 56 with respect to the evidence required to support a motion for summary judgment. Accordingly, I will deny American Bankers' motion, but this denial will be without prejudice to the right of American Bankers to renew its motion in the event it can establish the predicate necessary to demonstrate that the defendants' signatures on this arbitration agreement (or on the other arbitration agreement contained in the insurance purchase contract) are authentic.

**SO ORDERED** this 12th day of December, 2005.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge